UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RHONDA LASSITER, | CASE NO. 1:06CV2961 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| BANK OF AMERICA CORP., et al., | |
| Defendant. | CIVIL TRIAL ORDER |

This case is scheduled for trial on **November 5 , 2007 , at 9:00 a.m.**, in Courtroom 15B of the Honorable Christopher A. Boyko, United States District Court, 801 W. Superior Avenue, Cleveland, Ohio.

The Final Pretrial is scheduled for **October 18 , 2007, at 2:00 p.m.** Lead trial counsel for all parties shall be present and prepared with full authority to discuss all aspects of the case, including pleadings, settlement and scheduling. Parties shall attend in person unless counsel has requested and received prior approval from the Court for a party to attend by telephone.
Parties attending by telephone <u>must be readily available at all times during the conference</u>.

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

## 1. Trial Briefs

Trial briefs are required in all cases and must be filed with the Court, no later than seven days before the Final Pretrial. If a Final Pretrial is not scheduled, trial briefs must be filed fourteen days before trial. Trial briefs shall include: (a) a statement of the facts; (b) a discussion of the controlling law with particular emphasis on those legal issues which might justify a complete or partial motion under Rule 50 of the Federal Rules of Civil Procedure; (c) a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness; (d) an index of all proposed exhibits containing a brief description of each exhibit; (e) a discussion of any evidentiary issues likely to arise at trial; and (f) an estimate of the length of the trial.

Motions in Limine shall be filed with the trial brief. Responses to Motions in Limine shall be filed three days prior to the Final Pretrial. If there is no Final Pretrial, then Responses to Motions in Limine shall be filed seven days before trial.

In non-jury trials, proposed Findings of Fact and Conclusions of Law shall be incorporated into the trial brief. Proposed Findings of Fact and Conclusions of Law shall be consecutively numbered with each stated in a separate paragraph. The proposed Findings of Fact shall cite the particular witness(es) or exhibit(s) upon which each suggested finding is based. Proposed Conclusions of Law shall cite legal authority.

In a jury case, trial briefs also shall include any proposed voir dire questions, jury instructions, special interrogatories and verdict forms as outlined in sections 2 and 3 below.

Counsel are required to exchange their trial briefs with opposing counsel. If a

witness is not listed in the trial brief, the witness shall not testify except under extraordinary circumstances. This rule applies to lay witnesses as well as to expert witnesses. Exhibits not listed in the trial brief shall not be introduced at trial, absent a showing of good cause.

## 2. Voir Dire

The Court will conduct initial *voir dire* of the panel and of individual panel members. The Court may thereafter allow one counsel for each party to question briefly individual panel members on issues not addressed by the Court. The Court will discontinue questioning by counsel if questioning seeks to accomplish anything other than to elicit information regarding the panel member's background, biases or suitability for service.

Proposed questions for the Court's questioning shall be submitted with the trial brief.

## 3. Proposed Jury Instructions

Counsel for the various parties are required to confer with one another in person with respect to proposed jury instructions, special interrogatories and verdict forms, with a view to reaching an agreement.

Proposed jury instructions, special interrogatories and verdict forms shall be filed in the trial brief of the parties. The instructions agreed upon by all counsel shall be identified. Disputed instructions shall also be identified, along with separate citations to legal authority for each instruction.

No proposed jury instruction will be considered by the Court unless it has been submitted in compliance with these provisions, except that requests for instructions that could not reasonably have been anticipated may be submitted during trial.

Counsel must also provide the agreed upon jury instructions to the Court on a 3.25" computer diskette or CD-ROM. The diskette should be formatted for an IBM compatible computer. The Court is equipped with WordPerfect11.0. When submitting the disk to the Court, counsel are advised to alert the security guards and avoid the x-ray machine to avoid accidental erasure.

### 4. Preliminary Statements and Stipulations

Counsel shall prepare a joint statement describing the case in an impartial, easily understood and concise manner for use by the Court either during voir dire or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and must be submitted at the same time the trial brief is submitted.

Stipulations of Fact, if any, shall be submitted at the same time as the Preliminary Statements.

### 5. Exhibits

One copy of all exhibits shall be furnished to the Court no later than one day before trial. There is no need to file the exhibits with the Clerk of Courts. Counsel shall exchange copies of all exhibits no later than three working days before the date on the trial notice.

Exhibits shall be marked before trial with exhibit stickers, which are available from the Clerk's office on request. The plaintiff shall mark exhibits with numbers and the defendants shall mark exhibits with letters. Both sides shall indicate the case number on the bottom portion of the exhibit sticker. If there are multiple parties, the parties last name shall precede the number or letter (i.e., "Smith-1" or "Green-A"). If the parties have a joint exhibit it shall be marked as "Jt. Ex. 1" or "Jt. Ex. 2"etc. If the defendant has more than 26 exhibits, double letters shall be used (i.e., AA, BB, CC, etc.).

The Court recommends that counsel place all exhibit sets in three-ring, looseleaf binders/notebooks, with appropriately marked divider tabs and a table of contents at the front.

The Court encourages counsel to show exhibits to the jury during trial, however, counsel must have received a prior ruling of the court that the exhibits are admissible. If the court has granted admission, counsel is urged to use the electronic display for the court and jury, and must also provide sufficient hard copies for each juror to utilize during deliberations.

### 6. Deposition Testimony (Videotape and Written)

Whenever depositions (videotape and written) are intended as trial evidence, counsel proposing to use such deposition shall notify opposing counsel at least seven days before the Final Pretrial. Any objections to portions of the deposition must be filed in writing with the Court at least three days prior to the Final Pretrial. If a Final Pretrial is not scheduled, counsel shall be notified fourteen days prior to trial and objections filed seven days prior to trial. If there are objections, counsel proposing to use said deposition shall file a brief in support within two days after the objections are filed or indicate an agreement to delete the portion for which there is an objection. The Court must be provided with a complete written transcript of videotape depositions.

### 7. Electronic Courtroom

Judge Boyko's Courtroom is electronically wired for clear and efficient presentation of evidence and to expedite trials. Counsel are expected to utilize this technology for trial to the fullest extent within their knowledge and means. Training is available on the use of all equipment by the Clerk's office and/or Judge's staff prior to trial. Any counsel requesting assistance on the use of the equipment shall make arrangements with the staff no later than three business days prior to trial.

8. <u>Continuances</u>

No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance <u>endorsed in writing by all moving parties and their lead counsel of record</u> and filed no later than seven days prior to the date of trial. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto and filed thirty days prior to date of trial.

IT IS SO ORDERED.

DATE: 5/24/07

_Christopher A. Boyko_
CHRISTOPHER A. BOYKO
United States District Judge

FILED
MAY 24 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND