UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RHONDA LASSITER,** ) | **CASE NO. 1:06CV2961** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **MBNA MARKETING SYSTEMS, INC.,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #23) of Defendant, MBNA Marketing Systems, Inc. ("MBNA"), for Summary Judgment. For the following reasons, the motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff, Rhonda Lassiter, began her employment with MBNA in March of 2001 as an Entry-Level Customer Satisfaction Specialist. Beginning in November of 2003, and continuing to the date her employment ended, Plaintiff worked as a Lead Customer Satisfaction Specialist. During the calendar years of 2002 and 2004, Plaintiff suffered asthmatic attacks attributable to allergens produced by service animals ("seeing-eye dogs") in her vicinity at work. MBNA accommodated Plaintiff by placing her in locations which were likely to alleviate the attacks she suffered.

On July 7, 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging MBNA engaged in race and age discrimination. MBNA admits receiving a copy of this charge sometime before July 31, 2005.

On August 8, 2005, after the Customer Satisfaction Department moved into Building IV on the MBNA premises, Plaintiff had another asthma attack.  She went home to retrieve her inhaler.  Rather than reporting back to work, Plaintiff visited her physician. On August 10, 2005, Plaintiff provided MBNA with a letter from her doctor authorizing her to return to work on August 11, 2005, as long as she was not in "proximity to any animals."  Instead of returning to work, Plaintiff was placed on paid administrative leave while she and her employer considered options to meet her needs.  She was given one option of working in her current job, at a shift which would place her in a wing of the building farthest from the sight-impaired employees and their service animals.  She was also provided job postings for open positions at comparable grade and salary levels.  Plaintiff expressed an interest in a Balance Retention Analyst position, but was not interested in the available night shift opening.  After Plaintiff did not accept any of the suggested offers and open positions, MBNA sent her a termination letter, dated September 7, 2005, outlining company policy and indicating she was considered to have voluntarily abandoned her position with MBNA.  Plaintiff maintains she was terminated in whole or in part, in retaliation for filing the July 2005 charge of discrimination, and not for abandoning her position.

On December 11, 2006, Plaintiff instituted the instant action; and in her Amended Complaint, she alleged retaliation under Chapter 4112 of the Ohio Revised Code and under Title VII and 42 U.S.C. § 1981, as amended.  Plaintiff dismissed her remaining claims of disability discrimination.  MBNA filed its Motion for Summary Judgment on August 27, 2007.  Plaintiff's Opposition Brief was submitted on September 28, 2007.  Defendant's Reply was filed on October 8, 2007.

## II. LAW AND ANALYSIS

**Standard of Review**

**Motion for Summary Judgment**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F. 3d at 1347; *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616, at *2 (E.D. Tenn. Dec. 12, 2005). This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F. 3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323; *Lee*, 2005 WL 3369616 at *2.

Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Retaliation**

Plaintiff Lassiter alleges her "termination following her prior charge of discrimination (Charge No. 220-2005-01407) was causally connected to that activity and violates 42 U.S.C. § 1981, as amended and Title VII." (Amended Complaint at ¶ 18). Title VII prohibits an employer from retaliating against an employee who has opposed discriminatory conduct or made " a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff-employee may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination. *DiCarlo v. Potter*, 358 F. 3d 408, 414 (6th Cir. 2004). "Mere personal belief, conjecture and speculation are insufficient to support an inference of ... discrimination." *Woythal v. Tex-Tenn Corp*., 112 F. 3d 243, 247 (6th Cir. 1997).

In the absence of direct evidence of discriminatory retaliation, the Court will apply the burden-shifting analysis announced by the United States Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). Once an employee-plaintiff makes a prima facie showing of retaliation, the burden "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason'" for the employer's conduct. *Id*. If the defendant carries this burden, "the plaintiff must then have an opportunity to prove by a preponderance

of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id*.

**Prima facie elements**

An employee-plaintiff, like Rhonda Lassiter, may establish a prima facie case of retaliation by demonstrating (1) she engaged in an activity protected by Title VII; (2) the defendant knew she exercised her rights; (3) the defendant took an employment action against the plaintiff that a reasonable employee would have found materially adverse; and (4) there was a causal connection between the protected activity and the adverse employment action. *Burlington N. & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405, 2415 (2006); *DiCarlo*, 358 F. 3d at 420. Plaintiff need not prove her case by a preponderance of evidence at the prima facie stage. *Singfield v. Akron Metropolitan Housing Authority, et al.*, 389 F. 3d 555, 563 (6th Cir. 2004). "[T]he burden of establishing a prima facie retaliation case is easily met." *Id*.

Plaintiff filed a race and age discrimination charge against MBNA on July 7, 2005. (Amended Complaint, ¶ 8). MBNA admitted that fact in its Answer. Further, MBNA was in the process of formulating a response to the charge in September of 2005. (Affidavit of LySandra Baynard, ECF DKT #23-3 at ¶ 3). Plaintiff suffered the adverse employment action when her employment was terminated by the letter dated September 7, 2005 from Baynard, the Human Resources Manager at the Beachwood, Ohio campus of MBNA. ( ECF DKT #26-16). Thus, the first three elements of a prima facie case of retaliation are admittedly established. Causation is somewhat more difficult.

"Although no one factor is dispositive in establishing a causal connection, evidence ... that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation." *Nguyen v. City of Cleveland*, 229 F. 3d 559, 563 (6th Cir. 2000); *see also, Oliver v. Digital Equip. Corp.*, 846 F. 2d 103, 110 (1st Cir. 1988) ("showing of discharge soon after the employee engages in an activity specifically protected by section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), is indirect proof of a causal connection between the firing and the activity because it is strongly suggestive of retaliation."); *Miller v. Fairchild Indus., Inc.*, 797 F. 2d 727 (9th Cir. 1986) ("Causation sufficient to establish a prima facie case of unlawful retaliation may be inferred from the proximity in time between the protected action and the allegedly retaliatory discharge.").

Plaintiff Lassiter first emphasizes the temporal proximity between her EEOC charge in July of 2005 and her termination in September of 2005 — a span of only two months. Coupled with this close timeline is evidence that, while on paid administrative leave, Plaintiff was in negotiation with her supervisors at MBNA to resolve her health/allergy issues. (Lassiter Deposition, ECF DKT #22-2 at 80-81); (Affidavit of LySandra Baynard, ECF DKT #23-3 at ¶ 9 & ¶11).  Yet, while the negotiations were on-going, and Plaintiff was discussing options for relieving her health concerns with Human Resources and her supervisors, MBNA decided Plaintiff had abandoned her job and terminated her.  The Court finds Plaintiff, therefore, has created the inference that the adverse employment action was as likely motivated by the EEOC charge, as by the stated rationale of voluntary abandonment.  The elements of a prima facie case of retaliation have been satisfied.

**Employer's Non-Retaliatory Explanation**

The burden now shifts to Defendant MBNA "to articulate a legitimate, non-retaliatory explanation for the action." *Singfield*, 389 F. 3d at 563. To meet its burden Defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 257 (1981). "The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was [terminated] for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons." *Id*. at 254. *See, Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25 (1978). " It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Id*.

> To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext.

*Burdine*, 450 U.S. at 254.

Defendant provides the Affidavit (ECF DKT #23-3) of LySandra Baynard, Human Resources Manager, in which she testifies:

Ms. Lassiter originally indicated that she would return to work, but then called Lori Shaw in my department back and stated that she would not return to work. After Ms. Lassiter did not return to work by August 29, I sent her a letter advising her that she was terminated as she was considered to have voluntarily abandoned her position with MBNA. The termination letter was sent on September 7, 2005, effective September 8, 2005. (¶ 13).

– and –

Rhonda Lassiter was terminated for failing to return to work after August 8, 2005. She was not terminated in retaliation for filing a Charge of Discrimination. (¶ 16).

Further, Ms. Baynard's letter to Plaintiff, dated September 7, 2005 (ECF DKT #26-16), reads:

The Personnel Department spoke with you on 08/23/05 to discuss your employment status and options for returning to work. At that time, you were advised that you were on an unpaid leave of absence until 08/26/05. On 08/24/05, when you left a message for Pam Greto, you indicated that you were not interested in any of the available positions within MBNA due to the schedules and you also informed us that you would not be returning to MBNA. The Personnel Department unsuccessfully attempted to contact you on 08/26/05 to further discuss your employment status. As of today, we have not heard from you.

Under MBNA Policy, people who voluntarily choose not to report to work are considered to have abandoned their job. At this point, we can only assume that you no longer wish to continue your employment with MBNA. Therefore, your employment is considered to have ended effective today.

Thus, the Court finds Defendant MBNA has satisfied its burden of production. That is, Defendant has produced admissible evidence, in the form of the above-cited affidavit and letter, allowing a reasonable trier of fact to find MBNA had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment.

**Pretext**

The burden now shifts back to Plaintiff to demonstrate, by a preponderance of the evidence, that Defendant's proffered reasons for the adverse employment action were pretextual. "A plaintiff can demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F. 3d 1016, 1021 (6th Cir. 2000). Pretext can be established by noting inconsistencies in the proffered reason for the adverse employment action. *Tinker v. Sears, Roebuck & Co.*, 127 F. 3d 519, 523 (6th Cir. 1997. "Courts have recognized that in discrimination and retaliation cases, an

employer's true motivations are particularly difficult to ascertain." *Singfield*, 389 F. 3d at 564, quoting *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983). "We agree that caution should be exercised in granting summary judgment once a plaintiff has established a prima facie inference of retaliation through direct or circumstantial evidence." *Singfield*, 389 F 3d at 564.

Plaintiff Lassiter asserts, under oath, she never informed anyone at MBNA that she did not want to return to work. (Affidavit of Rhonda Lassiter, ECF DKT #26-2 at ¶ 10). Further, she contends: "Neither Sandy Baynard nor anyone else at MBNA told me I had to return by a date certain. Neither Baynard nor Shaw told me that if I did not return by a date certain I would be abandoning my job.." (*Id*. at ¶ 11). Plaintiff was on authorized paid leave for most, if not all, of the time she was out of the workplace. (Affidavit of LySandra Baynard, ECF DKT #23-3 at ¶ 11); (Affidavit of Rhonda Lassiter, ECF DKT #26-2 at ¶ 13). At page 67 of Baynard's Deposition (ECF DKT #26-24), submitted by Plaintiff in support of her Opposition Brief, Baynard was asked: "You certainly didn't say, well, Miss Lassiter you have to call me back by August 26th or your employment is ended, did you?" She answered: "No." Additionally, Baynard testified: "As I stated before, we all wanted to work with Rhonda and we wanted to work with her giving her all the accommodations possible." (*Id*. at page 80).

In view of this Court's obligation to exercise caution when analyzing pretext, and in consideration of the evidence submitted by Plaintiff, the Court finds Plaintiff has demonstrated a genuine material factual issue that Defendant's proffered reason for terminating her employment (i.e., voluntary abandonment) either has no basis in fact, or did

not actually motivate MBNA's challenged conduct.

**Plaintiff's State Retaliation Claim**

Because Plaintiff's claim for retaliation under Ohio law is analyzed under the same standard as her federal claim, the Court finds Plaintiff has satisfied her burden, and denies summary judgment for Defendant on the state retaliation claim accordingly. *Green v. St. Elizabeth Hospital Medical Center*, No. 96-4308, 1998 WL 13410 at *5 (6th Cir. Jan. 7, 1998), *quoting Neely v. Franklin Cty. Aud.*, 97 Ohio App. 3d 771; *Laderach v. U-Haul of N.W. Ohio*, 207 F. 3d 825, 828 (6th Cir. 2000).

### III. CONCLUSION

For all the foregoing reasons, this Court denies the Motion of Defendant, MBNA Marketing Systems, Inc., for Summary Judgment.

**IT IS SO ORDERED.**

**DATE: October 18, 2007**

> S/Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**